UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2018 DEC 27 A 11: 23

CLERK'S OFFICE
AT GREENBELT

PHILLIP O'BRIANT,   *

Petitioner   *

v   *   Civil Action No. GJH-18-2705

ATLAS CONTAINER CORPORATION,   *

Respondent   *

***

# MEMORANDUM OPINION

On August 31, 2018, self-represented Petitioner, Philip O'Briant, filed a Petition seeking mandamus relief pursuant to 28 U.S.C. 1361.[1] Although captioned as an action against a former employer, Atlas Container Corporation, O'Briant asks this Court to compel a three-judge panel convened in the Anne Arundel County, Maryland Circuit Court to "properly fulfil[l] their official duties to follow Maryland Unemployment Compensation law" . . . and mandate a "court order denying defendant's [presumably, Atlas Container Corporation] motion to dismiss" in Case No. C-02-CV-17-000692 (Anne Arundel Cir. Ct.).[2]

The court is mindful that the pleadings of self-represented litigants are accorded liberal construction. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). Therefore, a court is charged with liberally construing a complaint filed by a pro se litigant, in order to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). But, liberal construction does not mean a court can ignore a clear failure to allege facts that set forth a

---

[1] The Petition was not accompanied by the civil filing fee or Motion to proceed in forma pauperis, and a civil cover sheet was omitted. As this action cannot proceed, Petitioner shall not be required to correct these deficiencies.

[2] *See O'Briant v. Atlas Container Corp.*, C-02-CV-17-000692 (Cir. Ct. for Anne Arundel Co.), http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?

cognizable claim. *See Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

A writ of mandamus is an extraordinary writ that is only available in cases where no other means by which the relief sought could be granted. *In re Beard*, 811 F.2d 818, 826 (4th Cir. 1987). O'Briant's requests clearly are in the nature of mandamus in that he is seeking this Court's assistance to compel certain actions by the state and/or its agents. Under 28 U.S.C. § 1361, federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. However, this federal district court has no mandamus jurisdiction over state employees, and cannot compel the Maryland state courts or state agencies to rule in a particular manner. In short, this Court has no jurisdiction to issue a writ of mandamus commanding a State court to entertain a motion, convene a three-judge panel, or dictate the outcome of a State court lawsuit. *See Gurley v. Superior Court of Mecklenburg Cty.*, 411 F.2d 586, 587 (4th Cir. 1969); *see also* 28 U.S.C. § 1361.

For these reasons, the Petition shall be dismissed, by separate Order to follow.

Date: 12/27/2018

GEORGE JARROD HAZEL
United States District Judge

2